KENNETH H. BROWN, ESQ. (*Admitted Pro Hac Vice*)
IRA D. KHARASCH, ESQ. (*Admitted Pro Hac Vice*)
Pachulski Stang Ziehl Young
    Jones & Weintraub LLP
150 California Street, 15th Floor
San Francisco, CA 94111-4500
Telephone: (415) 263-7000
khrown@pszyjw.com

REINWALD O'CONNOR & PLAYDON LLP
JERROLD K. GUBEN    3107-0
Makai Tower, 24th Floor
733 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 524-8350
jkg@roplaw.com

Attorneys for Defendant Junichi Kitahara,
as the Foreign Representative

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>KATSUMI IIDA,<br><br>                Debtor. | Case No. 06-00376<br>(Chapter 15) |
| KATSUMI IIDA and MASAAKI IIDA,<br><br>                Plaintiffs,<br><br>   vs.<br><br>JUNICHI KITAHARA, HENRY C. FONG, HIBARI HAWAII, INC., a | Adv. Proc. No. 06-90059<br>FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER GRANTING SUMMARY JUDGMENT TO DEFENDANTS |

Hawaii corporation, KALALANI
KVR, INC., a Hawaii corporation,
KAHALA ROYAL
CORPORATION, a Hawaii
corporation, JOHN DOES 1-10,
JANE DOES 1-10, DOE
CORPORATIONS 1-10, DOE
PARTNERSHIPS 1-10 OR OTHER
ENTITIES 1-10,

                          Defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER GRANTING SUMMARY JUDGMENT TO DEFENDANTS

On November 17, 2006, defendant Junichi Kitahara's (the "Foreign Representative") motion to dismiss came on for hearing before the Honorable Robert J. Faris, Judge of the United States Bankruptcy Court for the District of Hawaii. Defendants Henry C. Fong, Hibari Hawaii, Inc., Kalalani KVR, Inc. and Kahala Royal Corporation joined in the motion. Kenneth H. Brown of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. and Jerrold K. Guben of Reinwald, O'Connor & Playdon LLP appeared on behalf of the Foreign Representative and moving party. Barry Sullivan of Bickerton Saunders Dang & Sullivan appeared on behalf of defendants Henry C. Fong, Hibari Hawaii, Inc., Kalalani KVR, Inc. and Kahala Royal Corporation. Keith M. Kiuchi of Kiuchi & Nakamoto and Chuck C. Choi of Wagner Choi & Evers appeared on behalf of plaintiffs and opposing parties Katsumi Iida and Masaaki Iida. After consideration of the moving, opposing and reply papers, the arguments of counsel and for good cause shown, the Court treated the Motion to Dismiss as a motion for summary judgment and granted the motion. The Court hereby makes the following findings of fact and conclusions of law.

U.S. Bankruptcy Court - Hawaii   #06-90059   Dkt # 24   Filed  12/26/06   Page 2 of 8

# I. FINDINGS OF FACT

1.    Pursuant to an order of the Tokyo District Court dated August 6, 2004, Katsumi Iida ("Iida"), a citizen and resident of Japan, was declared bankrupt under article 126 of the Bankruptcy Law of Japan ("Japanese Bankruptcy Law"), and the Foreign Representative was appointed by the Tokyo District Court as the sole bankruptcy trustee ("Trustee") of the Japanese bankruptcy estate of Iida (the "Iida Estate") under Article 142 of the Japanese Bankruptcy Law.

2.    In the course of his duties as Trustee, the Foreign Representative has administered and liquidated the assets of the Iida Estate. These assets included the shares of stock of Iida's wholly owned companies, Kahala Royal Corporation ("KRC") and Kalalani KVR, Inc, ("Kalalani") and Kalalani's wholly owned subsidiary, Hibari Hawaii, Inc. ("Hibari" and together with KRC and Kalalani the "Hawaii Corporations").

3.    Between January and March 2005, the Foreign Representative, acting in the capacity of the sole shareholder of Kalalani and KRC, and through Kalalani, as the sole shareholder of Hibari, removed the existing officers and directors of the Hawaii Corporations and replaced them with Henry C. Fong ("Fong"). These actions were taken by unanimous written consent of the shareholders and the board of directors of the Hawaii Corporations.

4.    In response to the Foreign Representative's September 22, 2005 application, the Japanese Court authorized the Foreign Representative to (i) ***"exercise all power of decision of all companies (including but not limited to KRC) whose stocks are owned by the bankrupt person"*** and necessary to sell the luxury hotel owned by the limited partnership owned by KRC and its affiliates; and (ii) to sell the luxury hotel.

U.S. Bankruptcy Court - Hawaii   #06-90059   Dkt # 24   Filed  12/26/06   Page 3 of 8

5.     In April 2006, Iida and his son, Masaaki Iida, also a Japanese citizen, filed a complaint (as amended, the "Complaint") initiating an action ("State Court Action") in the First Circuit Court of the State of Hawaii (the "State Court") against the Foreign Representative and Fong, in his capacity as an officer and director of KRC, Kalalani and Hibari.  KRC, Kalalani and Hibari were also named as nominal defendants.  The Complaint challenges the authority of the Foreign Representative to liquidate property of the Hawaii Corporations and distribute the proceeds, to vote the shares of Hawaii Corporations to effect the removal and replacement of directors along with the subsequent removal and replacement of officers, without shareholder meetings and/or notifying Iida.

6.     Plaintiffs did not seek or obtain leave of the Tokyo District Court prior to filing the Complaint.

7.     Defendant Fong is named in various counts of the Complaint, including declaratory and injunctive relief, breach of fiduciary duty and civil conspiracy, all based on his alleged role, as the acting officer and director of the Hawaii Corporations, in assisting the Foreign Representative to liquidate the assets of the Hawaii Corporations and distribute the proceeds.

8.     Defendants Kalalani, KRC and Hibari are named only as nominal defendants in the declaratory and injunctive relief action to effect the reinstatement of plaintiffs as officers and/or directors of the corporations and to require shareholder meetings to be held.

9.     Neither Iida, nor any of the Hawaii Corporations have creditors in the United States.  All parties with an economic interest in this adversary proceeding are citizens of Japan.

10.     In response to Plaintiffs lawsuit, the Foreign Representative made a renewed Application for Approval to the Japanese Court.  In response to this Application, on September 26, 2006, the Japanese Court again ordered and

U.S. Bankruptcy Court - Hawaii  #06-90059  Dkt # 24  Filed  12/26/06  Page 4 of 8

expressly authorized the Foreign Representative to, among other things, do any and all necessary or appropriate acts in order to liquidate and administer the assets of Iida's Estate, including the shares of the Hawaii Corporations. The order had *nunc pro tunc* effect, authorizing acts by the Foreign Representative form and after his appointment as Trustee on August 6, 2004. The acts the Foreign Representative was authorized to undertake included: (i) exercising voting rights and other shareholder rights for all shares of stock of the Hawaii Corporations; (ii) sending the proceeds of the liquidation of the assets of the Hawaii Corporations to Japan without notifying Iida or obtaining his consent; and (iii) removing and replacing the officers and directors of the Hawaii Corporations, including the removal of Iida and/or his son Massaaki Iida and the appointment of Henry C. Fong, without notifying Iida.

11.     On June 13, 2006, the Foreign Representative filed a Petition for Recognition of the Japanese Insolvency Proceeding pursuant to 11 U.S.C. § 1517 and a Supplement thereto (the "Petition"), requesting this Court to, *inter alia*, recognize the pending Iida's Japanese bankruptcy proceeding as a foreign main proceeding and grant the Foreign Representative relief pursuant to Chapter 15. On June 26, 2006, Iida filed his Petition Opposition. On July 7, 2006, the Court granted the Petition and entered an Order on the Petition on July 14, 2006.

12.     On August 28, 2006, the Foreign Representative removed the State Court Action to this Court pursuant to 28 U.S.C. § 1452. Plaintiffs did not contest the removal.

13.     In the pleadings in support of and in opposition to the Motion to Dismiss, the parties have presented matters outside of the pleadings and such evidence has been considered by the Court.

14.     Any Finding of Fact deemed to be a Conclusion of Law shall be a Conclusion of Law.

U.S. Bankruptcy Court - Hawaii   #06-90059   Dkt # 24   Filed  12/26/06   Page 5 of 8

## II. **CONCLUSIONS OF LAW**

1.    The Court has jurisdiction over this matter under the United States Bankruptcy Code and under 28 U.S.C. §§157(a) and 1334(b).

2.    This adversary proceeding is a core proceeding under 28 U.S.C. § 157(A) (O) and (P).

3.    The joinder in the Motion to Dismiss by defendants Kalalani, KRC, Hibari and Fong is granted.

4.    The Court has treated the Motion to Dismiss as a motion for summary judgment has disposed of the motion as provided in Fed. R. Bankr. Pro. 7056.

5.    The Tokyo District Court was competent to issue its orders of September 22, 2005 and September 26, 2006 authorizing the Foreign Representative to engage in all of the acts challenged by the Complaint.

6.    Neither the September 22, 2005 order, nor the September 26, 2006 order of the Tokyo District Court violated the public policy of the State of Hawaii or the United States.

7.    The Court grants comity to Iida's Japanese bankruptcy proceeding and the September 22, 2005 and September 26, 2006 orders of the Tokyo District Court.

8.    The directors and officers of the Hawaii Corporations were removed and replaced with Henry C. Fong in accordance with Hawaii law and the articles of incorporation and by-laws of the Hawaii Corporations.

9.    The Foreign Representative was authorized to vote the shares of the Hawaii Corporations to cause the removal and replacement of the directors and officers of the Hawaii Corporations pursuant to H.R.S. Section 414-145(b).

10.    Whether the shares of stock of the Hawaii Corporations were

U.S. Bankruptcy Court - Hawaii  #06-90059  Dkt # 24  Filed  12/26/06  Page 6 of 8

located in Japan or Hawaii is irrelevant to the authority of the Foreign Representative to vote the shares of the Hawaii Corporations.

11.     The Foreign Representative, acting in the capacity of the sole shareholder and director of Kalalani and KRC, was authorized to act by written consent to take any action that could otherwise be taken at a meeting of shareholders or directors and such written consent had the same effect as a vote at a meeting.  H.R.S. Sections 414-124 and 414-212.  The articles of incorporation and by-laws of Kalalani and KRC are in accord.

12.     The Foreign Representative, acting in the capacity of the sole shareholder and director of Kalalani, which owned all of the shares of Hibari, was authorized to act by written consent to take any action that could otherwise be taken at a meeting of shareholders or directors and such written consent had the same effect as a vote at a meeting.  H.R.S. Sections 414-124 and 414-212.  The articles of incorporation and by-laws of Hibari are in accord.

13.     The Foreign Representative, acting in the capacity of the sole shareholder, may remove directors at anytime without cause.  H.R.S. Section 414-198.  The articles of incorporation and by-laws of the Hawaii Corporations are in accord.

14.     The Foreign Representative, acting in his capacity as the sole shareholder, may appoint new directors whenever there is a vacancy on the board.  Henry C. Fong, acting as the sole director, may also appoint new directors whenever there is a vacancy on the board.  H.R.S. Section 414-200.  The articles of incorporation and by-laws of the Hawaii Corporations are in accord

15.     The Foreign Representative has established that there is no genuine issue of material fact as to any of the claims for relief alleged in the Complaint against any of the defendants.

16.     Any Conclusion of Law deemed to be a Finding of Fact shall be

U.S. Bankruptcy Court - Hawaii  #06-90059  Dkt # 24  Filed  12/26/06  Page 7 of 8

a Finding of Fact.

DATED:  Honolulu, Hawaii,  _____.

APPROVED AS TO FORM

_____
BARRY SULLIVAN
Attorney for Defendants
Henry C. Fong, Hibari Hawaii, Inc.,
Kalalani KVR, Inc. and Kahala Royal Corporation

_____
KEITH M. KIUCHI
CHUCK C. CHOI
Attorneys for Plaintiffs
Katsumi Iida and Masaaki Iida

**In re Iida v. Kitahara, et al., Adv. No. 06-90059; FINDINGS OF FACT AND
CONCLUSIONS OF LAW IN SUPPORT OF ORDER GRANTING SUMMARY
JUDGMENT TO DEFENDANTS**